UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF WISCONSIN GREEN BAY DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

                                                                            Case No. 22-CR-249

v.

MARIANNA K.J. ZIMMER,

    Defendant.

## SENTENCING MEMORANDUM

    Marianna K.J. Zimmer, through counsel Eric S. Maciolek of Maciolek Law Group, requests the United States District Court for the Eastern District of Wisconsin, Honorable William C. Griesbach, presiding, to impose a 6-year term of imprisonment. This is a sentence that is consistent with the sentencing factors enumerated in 18 U.S.C. § 3553(a). Ms. Zimmer has been in custody for the past year. She has taken responsibility by entering plea. During her time in custody, she has earned her HSED and has had time to reflect on her actions.

    Ms. Zimmer has entered a guilty plea to violating 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(vi) and 18 U.S.C. § 922(g)(1) and § 924(a)(8) as charged in the indictment in counts 1 and 2. A five-year mandatory minimum applies to count 1 in this case. Ms. Zimmer faces a maximum 40-year prison sentence for count 1 and a maximum 15-year prison sentence for count 2.

    Pursuant to *United States v. Booker*, 543 U.S. 220, 245 (2005), the United States Sentencing Guidelines are advisory. The sentencing court is required to consider the factors listed in 18 U.S.C. § 3553(a) in imposing a sentence but is not bound by them. *Booker*, 543 U.S. at 245. The court must impose a sentence that is sufficient but no greater than necessary to comply with the sentencing factors. Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant

(2) the need for the sentence imposed—
- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
- (B) to afford adequate deterrence to criminal conduct;
- (C) to protect the public from further crimes of the defendant; and
- (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;
(4) the appropriate guideline range;
(5) any pertinent policy statement;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1) - (7).

This statute gives the district court judge enormous discretion in crafting a sentence so long as the statutory sentencing factors are considered and applied. *United States v. Beier*, 490 F.3d 572, 574 (7th Cir. 2007). "Although the guidelines are treated as advisory after Booker, the application of section 3553(a) is mandatory." *United States v. Miranda*, 505 F.3d 785, 791 (2007).

### History and Characteristics.

People do not get to choose their mothers and fathers. We are raised in a predetermined culture in, at least, two ways. We are born into the community that we live, and we are born into our families. Children have little freedom to choose and are formed by those who raise them.

Marianna is just 20 years old as she presents to the court for sentencing. She endured hardship and trauma at home. She grew up in an unstable and unpredictable household. Marianna was in the exclusive care of her mother as a young child. Her father was in prison. Marianna's mother, unfortunately, was mentally ill and was at times a heavy drug user. Some days her mother was attentive to her children. But sometimes very quickly and often without explanation, she would become angry and abusive. Marianna experienced physical and emotional abuse from her mother on a weekly, if not daily, basis. Her mother would punch her children. She would throw things at them.

At the age of 7 or 8 years old, Marianna witnessed her mother overdose at the kitchen table. Her mother would also steal Marianna's ADHD medication to use or sell it. Marianna's father was supportive and caring to her, but she was not able to see him

often because he spent a significant portion of her childhood incarcerated.

Marianna desperately wanted to have a "normal" childhood. She tried her best to participate in activities like her peers. For example, she played basketball and joined her school choir. But the older she became, the more she realized how toxic and unstable her mother's home was. Marianna's mother never held a job and they struggled financially because of it. Her mother would sometimes become paranoid from methamphetamine use and keep Marianna and her sisters out of school for days or weeks at a time. Marianna's mother put the men in her life over her children. Because of this, Marianna took on the role of a mother figure to her two younger sisters. She did everything she could to protect her sisters and tried to give them more of a childhood than she had. She assumed this role around age 10.

Things came to a breaking point when a friend of Marianna's mother, Roy Tidwell, made sexual advances towards her when she was 12 years old. He exposed his genitals and began masturbating in front of Marianna. This was a confusing, traumatic, and uncomfortable experience. She turned to her mother. Marianna confided in her mom about what had happened, but her she did nothing either because she did not believe Marianna, or she could not deal with it. Feeling alone and unsafe in her mother's home, Marianna felt as though she had no choice but to leave. So, at the age of 12, Marianna moved out of her mother's house. Her home was no longer safe for her or her sisters. Her focus turned to survival. Marianna's grandmother later reported what Roy Tidwell did and he convicted in Brown County case number 14 CF 871 of Exposing Genitals to a Child.

After moving out, Marianna lived with various friends and family members for short periods of time. She was appreciative of those who let her stay with them, but she felt like a burden. As soon as she was old enough, she began working in the food industry. Marianna had difficulty maintaining jobs long term because she did not have stable housing or reliable transportation. During this time Marianna was still providing for her sisters and making sure they went to school. Balancing work, school, and looking after her sisters became overwhelming, and ultimately, Marianna dropped out of school.

As a teen, Marianna began hanging around individuals who liked to party and she began experimenting with drugs and drinking excessively. The people surrounding Marianna introduced her to the drug culture. Drug users know drug dealers. She quickly

saw how profitable selling drugs, and eventually, Percocet pills could be. When Marianna became pregnant at 19 years old, she made it a goal to give her son a better life than she had. Because of the financial struggles her family experienced when she was young, Marianna was determined to make sure she could provide for her son in every way possible. It was around this time that she began distributing Percocet pills to support herself and her son.

To her credit, Marianna has made some positive changes post-arrest. She has been incarcerated in the Brown County jail for approximately one year. She earned her HSED after completing all the required classes in just a few months. Marianna has no contact with her mother and has been building a healthy relationship with her father. Also, Marianna has used her time in jail to reflect on her past and she has started confronting her past trauma through journaling and prayer.

Marianna is interested in maintaining her sobriety long term and would like to join programming and therapy in prison to continue her sobriety and further address her childhood trauma. She also has goals to continue her education to have a successful career in the future.

### The Nature of the Offense and Role in the Offense.

Marianna Zimmer is 20 years old. She sold drugs in an attempt to provide stability for herself, her sisters, and her infant son. Money had always been a major stressor throughout Marianna's life. As a child, her mother never had a job and their family struggled. As soon as Marianna was old enough, she began working. Although Marianna had difficulties holding a long-term job because she was moving around often and had to rely on others for transportation. At some point during her teenage years, Marianna was exposed to the drug-dealing culture. She quickly realized the high profits that could be made selling pills like M-30's. Of course, the pills that Ms. Zimmer obtained were not prescription pills. Rather than containing oxycodone like pharmaceutical Percocet, the pills contained fentanyl. When Ms. Zimmer began distributing the pills, she did not know for certain that they contained fentanyl, but she was not surprised when she learned the pills contained that drug.

Ms. Zimmer was detected by law enforcement after her Yanelle Diaz's probation agent contacted investigators to inform them that he received information that led him to

believe that Yanelle and Marianna were dealing drugs.

Distribution of fentanyl is, unfortunately, becoming an increasingly common crime among youth in society. The drug is almost exclusively sourced from drug cartels in Mexico and Central America. The potent drug created a profit-making opportunity that has no equal. With little up-front investment cost, a seller can obtain large amounts at discounted prices. Selling the "M-30's" or "blues" requires little effort given the high demand for the drug. Ms. Zimmer was able to purchase the pills for approximately $3 to $4 per pill and she could sell them at a price of $10 to $30 per pill.

Some dealers can purchase wholesale pills for as little as ten cents per pill, allowing for a nearly limitless profit opportunity. Most young offenders who get involved in the distribution of fentanyl are blinded by the opportunity to make a large profit fast and fail to appreciate the dangers of the drug. Overdoes from fentanyl are common and can happen quickly. Recently, fentanyl has become the leading cause of death for youth in America.

Law enforcement is at a major disadvantage in preventing or slowing the distribution of fentanyl because of its ability to be concealed in pill form. Since the drug is synthetic, it is easily manufactured in makeshift labs in Mexico or Central America. The cartels can easily smuggle the small pills across borders. Typical drug detection tools, like drug dogs, are ineffective for detecting fentanyl because training the dogs to detect the drug would be too dangerous. For this reason, fentanyl has infiltrated most of the United States. Cases like this one pose a difficult question for courts that must decide what to do with young offenders who made the poor decision to make quick money by illegal means.

Marianna admits that she went further than simply trying to provide money for her and her family. She became addicted to the cash. Her naivety led her to flaunt her cash on social media which, in turn, transformed her into a target. Her home was burglarized by Amber Sloan and her girlfriend, Corey Hampton after they learned that Marianna had a large stash of cash. Marianna was able to see Corey on her video surveillance camera live. It was for this reason that she purchased a firearm – for home protection. Marianna was prohibited from possessing a firearm because she is a felon. Marianna reports that she never fired the gun, did not carry it with her, and never used it.

### Criminal History.

Marianna Zimmer does have a criminal record. It consists mostly of low-level drug offenses, traffic offenses, and OWIs. Marianna has not been convicted of any violent offenses. Her involvement in criminal activity shows her recklessness which needs to be corrected. Her accumulation of criminal cases is probably best explained by her substance abuse issues, lack of adequate adult supervision as a child, and childhood trauma.

### The Need to Protect the Public from Further Crimes.

Marianna has substance abuse treatment needs. Her criminal record was accumulated in a short period of time. All her criminal cases have stemmed from the use of alcohol and drugs. Some of her criminal conduct was dangerous. Certainly, distributing fentanyl is destructive to users' lives. All her criminal conduct was self-destructive.

### The Kind of Sentences Available.

The court is required to impose at least 5 years of imprisonment. The court should focus on the rehabilitation of Marianna Zimmer. Any sentence available to the court will serve as a long and harsh punishment. Her age suggests that she is young enough where cognitive behavioral education and training could be quite effective in correcting her behavior. Marianna is certainly a good candidate for a 500-hour drug treatment course. Her historical use of controlled substances is wide-ranging and was continuous (with the exception of the period of time when she was pregnant with her son).

The maximum penalty in count 1 is 40 years of imprisonment. Probation is not statutorily available. Pursuant to the United States Sentencing Guidelines and 18 U.S.C. 3553(f), Marianna is not safety valve eligible. Marianna requests that any incarceration be served at a facility as close to home as possible to allow her to continue building a relationship with her son.

### Conclusion.

Marianna Zimmer respectfully requests that the Court impose a prison sentence of 6 years. This sentence is adequate punishment for her crimes considering her post-charging conduct, her willingness to take accountability, the need to protect the public,

and is not greater than necessary.

Marianna cares deeply for those who surround her. She able to discern the difference between positive and negative influences in her life. She has shown insight into the events that have led to her indictment and convictions in this case. Marianna has demonstrated, at least in the last year, that she has the motivation, ability, and desire to make major changes in her lifestyle and address underlying issues. Her actions may have been a direct result of her past trauma. She regrets "literally everything" regarding her involvement in this case. She plans for the future acknowledge a "need to change everything about what I do. My mindset. My mentality. My thoughts. A lot of people are depending on me. This life is all I have known. I have to retrain myself how I act. . ."

Marianna has taken steps to bring positive influences in her life closer to her, while limiting or eliminating the negative influences. Marianna has been employed since she was 13 or 14 years old. She has been employed in the food industry, housekeeping, and care giving for the elderly. She is motivated young woman but struggled with holding a job long term because of her lack of stable housing and transportation. Counsel's hope is that an adequate federal sentence can aid in creating permanent positive change in Marianna Zimmer. A term of 6 years of imprisonment with a significant period of supervised release is just and deserved punishment, but not greater than necessary.

Dated at Green Bay, Wisconsin, this 17th day of August, 2023.

                                 **MACIOLEK LAW GROUP**
                                 /s/ Eric S. Maciolek
         By:     Eric S. Maciolek

                                 State Bar No. 1066200 (WI)

                                 Attorney for Marianna K.J. Zimmer

                                 336 S. Jefferson Street
                                 Green Bay, WI 54301
                                 920.309.3813
                                 920.694.0928 (f)

                                 eric@macioleklawgroup.com